UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-20195-RUIZ/LOUIS

18 U.S.C. § 1343
18 U.S.C. § 1957(a)
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982(a)(2)(B)

FILED BY BM D.C.
May 14, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

**vs.**

**THOMAS BERGMAN**
**a/k/a "Penelope Diamond,"**

**Defendant.**
_______________________________________/

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Indictment:

1. Victim 1 was a resident of Miami-Dade County, in the Southern District of Florida. Victim 1 was in her early 80's. Victim 1 had bank accounts in her name at Bank 1 ending in x3215 and x4603 and was the sole signor on those accounts. Bank 1 was headquartered in San Francisco, California with servers outside the State of Florida.

2. **THOMAS BERGMAN, a/k/a "Penelope Diamond,"** (referred to as **THOMAS BERGMAN** or **BERGMAN**) was in his mid-20's and was a temporary resident of Miami-Dade County, in the Southern District of Florida.

3. **THOMAS BERGMAN** controlled a purported business called CTRL ALT DELETE. According to **BERGMAN's** CTRL ALT DELETE business cards, the business would "delete all … credit reports, active & old debt, DMV records, court records, criminal records, no

social required, instant results." **BERGMAN** used the name "Penelope Diamond" in connection with CTRL ALT DELETE.

4. **THOMAS BERGMAN** had an account in his name at a London-based financial technology company that used servers outside the State of Florida to process United States-based transactions (the "Fintech Account").

5. **THOMAS BERGMAN** had an account in his name at Bank 2 ending in x9364. Bank 2 was headquartered in Mount Laurel, New Jersey and had electronic servers outside the State of Florida.

6. **THOMAS BERGMAN** had an account in his name at Bank 1 ending in x6622.

7. Automated Clearing House (ACH) transfers are electronic money transfers. ACH transfers are transmitted via electronic servers outside the State of Florida.

## COUNTS 1-12
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around July 2024, continuing through in or around the present, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**THOMAS BERGMAN,**
**a/k/a "Penelope Diamond,"**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and

artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for **THOMAS BERGMAN** to unlawfully enrich himself by stealing funds from Victim 1's accounts in the following manner: (1) accessing Victim 1's cellphone through false pretenses to fraudulently obtain online access to Victim 1's bank accounts electronically; (2) transferring funds from Victim 1's accounts to accounts in **BERGMAN**'s control for his personal use and benefit without Victim 1's authority; and (3) falsely accusing Victim 1 of perpetrating a fraud to keep Victim 1 from reporting **BERGMAN** to the authorities.

## THE SCHEME AND ARTIFICE

The manner and means by which **THOMAS BERGMAN** and his accomplices sought to accomplish the purpose and object of the scheme and artifice included, among other things, the following:

4. **THOMAS BERGMAN** met Victim 1 at a pharmacy store in the Southern District of Florida and befriended Victim 1.

5. **THOMAS BERGMAN** offered Victim 1 a purported investment in cryptocurrency and Victim 1 agreed to send him $2,500 for the investment.

6. While at Victim 1's residence in the Southern District of Florida, **THOMAS BERGMAN** accessed Victim 1's cellphone under false and fraudulent pretenses. For example, **BERGMAN** would hold Victim 1's cellphone to Victim 1's face to unlock the cellphone falsely

claiming **BERGMAN** needed to fix something on the device. But, once Victim 1 unlocked the cellphone, **BERGMAN** used the cellphone to make unauthorized online bank transfers from Victim 1's bank accounts to accounts in **BERGMAN**'s name.

7. **THOMAS BERGMAN** also obtained unauthorized online access to Victim 1's bank accounts and, without Victim 1's authority, checked Victim 1's bank balances while **BERGMAN** was outside the State of Florida.

8. Between in or around August 2024 and in or around December 2024, **THOMAS BERGMAN** electronically transferred approximately $500,000 from Victim 1's bank accounts to accounts controlled by **BERGMAN** without Victim 1's authority. **BERGMAN** subsequently withdrew Victim 1's money in cash, spent it on gambling, travel expenses, and other things benefitting **BERGMAN**.

9. In or around March and April 2025, after Victim 1 discovered **THOMAS BERGMAN** had transferred Victim 1's money from Victim 1's bank accounts, **BERGMAN** claimed he was going to pay Victim 1 back by mailing CTRL ALT DELETE business cards to Victim 1 and then paying Victim 1 a cash commission on customers referred. **BERGMAN** mailed Victim 1 a box of CTRL ALT DELTE business cards and an envelope with $300 cash to Victim 1's condominium in Coconut Grove. Victim 1 did not refer individuals to CTRL ALT DELETE.

10. **THOMAS BERGMAN** referred to CTRL ALT DELETE on text messages as "my other scam."

11. On or about April 18, 2025, Victim 1 asked **THOMAS BERGMAN** if they can get in trouble for sending out the CTRL ATL DELETE cards and **BERGMAN** responded: "I know

how to hide my ass. This phone number isn't even registered in my name. It's untraceable. Untraceable. Shit doesn't go through all the time for people and I just get new cards and a new number. And I have it under a fake name. It's fine."

12. On or about April 18, 2025, Victim 1 told **THOMAS BERGMAN** she never anticipated he would "scam" Victim 1 and **BERGMAN** replied: "I understand, but the only way I can make money is scamming. That's the only way. I am not going to do a 9-5 job, I can't. I'll be in trouble with the IRS if I do get a job. Cuz I'm off the radar. If I get a job, I'm on the radar."

13. On or about April 18, 2025, Victim 1 told **THOMAS BERGMAN** that Victim 1 never "saw him as a scammer" and **BERGMAN** replied: "That's all I've been doing since I was 9. The phone calls [unintelligible] fix computers and drain mother f*ckers' bank accounts, log into their saved passwords and drain the accounts."

14. **THOMAS BERGMAN** sent harassing letters falsely accusing Victim 1 of perpetuating the CTL ALT DELETE fraud to try to prevent Victim 1 from complaining to law enforcement authorities about how he defrauded Victim 1 so that he could delay having to return Victim 1's money, including:

a. In or around June 2025, **THOMAS BERGMAN** sent a letter addressed to Victim 1's condominium falsely claiming that Victim 1: "scammed me into helping [Victim 1] promote [Victim 1's] CTRL ALT DELETE fraud scheme."

b. In or around September 2025, **THOMAS BERGMAN** sent a letter to Victim 1's neighbor falsely claiming Victim 1 "has been running a fraud scheme in the building handing out those green CTRL ALT DELETE plastic business cards."

15. Aside from the $300 cash payment, **THOMAS BERGMAN** did not return any of the approximately $500,000 **BERGMAN** transferred to himself from Victim 1's bank accounts without Victim 1's authority and under false pretenses.

## USE OF WIRES

16. On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **THOMAS BERGMAN**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | August 14, 2024 | **THOMAS BERGMAN's** unauthorized online ACH transfer of $80,000 from Victim 1's account at Bank 1 ending in x4603 to the Fintech Account controlled by **BERGMAN**, from Victim 1's condominium in Coconut Grove, Florida. |
| 2 | August 15, 2024 | **THOMAS BERGMAN's** unauthorized online ACH transfer of $90,000 from Victim 1's account at Bank 1 ending in x4603 to the Fintech Account controlled by **BERGMAN**, from the Southern District of Florida. |
| 3 | August 16, 2024 | After transfers of $3,200, $80,000, and $90,000 from Victim 1's accounts at Bank 1 were reversed back to Victim 1's accounts at Bank 1, **THOMAS BERGMAN** online chatted with a customer service representative for his Fintech Account, from the Southern District of Florida, falsely and fraudulently claiming that "My stepmom spent hours at the branch bank sending those" when in reality **BERGMAN** himself made the unauthorized transfers online. |

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 4 | August 18, 2024 | **THOMAS BERGMAN's** unauthorized online transfer of $5,000 from Victim 1's account at Bank 1 ending in x3215 to **BERGMAN's** account at Bank 1 ending in x6622, from Victim 1's condominium in Coconut Grove, Florida. |
| 5 | August 19, 2024 | **THOMAS BERGMAN's** unauthorized online transfer of $5,000 from Victim 1's account at Bank 1 ending in x3215 to **BERGMAN's** account at Bank 1 ending in x6622, from the Southern District of Florida. |
| 6 | August 19, 2024 | **THOMAS BERGMAN's** unauthorized online transfer of $5,000 from Victim 1's account at Bank 1 ending in x4603 to **BERGMAN's** account at Bank 1 ending in x6622, from the Southern District of Florida. |
| 7 | August 21, 2024 | **THOMAS BERGMAN's** unauthorized online ACH transfer of $100,000 from Victim 1's account at Bank 1 ending in x4603 to **BERGMAN's** account at Bank 2 ending in x9364, from the Southern District of Florida. |
| 8 | August 21, 2024 | **THOMAS BERGMAN's** unauthorized online transfer of $5,000 from Victim 1's account at Bank 1 ending in x3215 to **BERGMAN's** account at Bank 1 ending in x6622, from the Southern District of Florida. |
| 9 | August 21, 2024 | **THOMAS BERGMAN's** second unauthorized transfer of $5,000 from Victim 1's account at Bank 1 ending in x3215 to **BERGMAN's** account at Bank 1 ending in x6622, from the Southern District of Florida. |
| 10 | August 22, 2024 | **THOMAS BERGMAN's** unauthorized online ACH transfer of $74,000 from Victim 1's account at Bank 1 ending in x4603 to **BERGMAN's** account at Bank 2 ending in x9364, from the Southern District of Florida. |
| 11 | August 26, 2024 | **THOMAS BERGMAN's** unauthorized online transfer of $76,000 from Victim 1's account at Bank 1 ending in x4603 to **BERGMAN's** account at Bank 2 ending in x9364, from Victim 1's condominium in Coconut Grove, Florida. |
| 12 | August 27, 2024 | **THOMAS BERGMAN's** unauthorized online ACH transfer of $50,000 from Victim 1's account at Bank 1 ending in x4603 to **BERGMAN's** account at Bank 2 ending in x9364, from the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 13-15**
**Money Laundering**
**(18 U.S.C. § 1957(a))**

1. The General Allegations section and paragraphs 4 through 15 of the Manner and Means section of Counts 1-12 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates as to each count set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**THOMAS BERGMAN,**
**a/k/a "Penelope Diamond,"**

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, knowing that the property involved in the monetary transaction was derived from some form of unlawful activity, as set forth below:

| COUNT | APPROX. DATE | DESCRIPTION OF MONETARY TRANSACTION |
|---|---|---|
| 13 | August 22, 2024 | Cash withdrawal of $17,000 from **THOMAS BERGMAN's** account at Bank 1 ending in x6622 from a branch in Coral Gables, Florida, funded by the unauthorized transfers from Victim 1's accounts identified in Counts 8 and 9. |
| 14 | August 26, 2024 | Bank check withdrawal of $90,000 from **THOMAS BERGMAN's** account at Bank 2 ending in x9364 from a branch in Coral Gables, Florida, funded by unauthorized transfers from Victim 1's account identified in Count 7. |
| 15 | August 27, 2024 | Bank check withdrawal of $70,000 from **THOMAS BERGMAN's** account at Bank 2 ending in x9364 from a branch in Miami, Florida, funded by unauthorized transfers from Victim 1's account identified in Count 11. |

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

**COUNT 16**
**Use of Unauthorized Access Devices**
**(18 U.S.C. § 1029(a)(2))**

From in or around August 2024, through in or around January 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**THOMAS BERGMAN,**
**a/k/a "Penelope Diamond,"**

did knowingly, and with the intent to defraud, use one or more unauthorized access devices, that is, electronic bank account numbers for Victim 1 and means of online account access to Victim 1's bank accounts, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

**COUNTS 17-19**
**Aggravated Identity Theft**
**(18 U.S.C. § 1028A(a)(1))**

On or about the dates specified in each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**THOMAS BERGMAN,**
**a/k/a "Penelope Diamond,"**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), that is, access device fraud, did knowingly transfer, possess and use, without lawful authority, the means of another person, as specific in each count below:

| Count | Date | Means of Identification |
|---|---|---|
| 17 | August 14, ~~2022~~ 2024 | Name, unique physical representation (visual image of a face), bank account username and password, belonging to Victim 1. |
| 18 | August 18, ~~2022~~ 2024 | Name, unique physical representation (visual image of a face), bank account username and password, belonging to Victim 1. |
| 19 | August 22, ~~2022~~ 2024 | Name, unique physical representation (visual image of a face), bank account username and password, belonging to Victim 1. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **THOMAS BERGMAN**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such violation, and any property traceable to such property.

[THIS SPACE INTENTIONALLY LEFT BLANK]

All pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

[redacted]

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

ELIZABETH YOUNG
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**v.**

THOMAS BERGMAN, a/k/a, "Penelope Diamond," a/k/a "Ivan Scorpio," /

Defendant.

**CASE NO.: 26-CR-20195-RUIZ/LOUIS**

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take 5 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) |
|---|---|---|---|
| I | ☑ | 0 to 5 days | ☐ Petty |
| II | ☐ | 6 to 10 days | ☐ Minor |
| III | ☐ | 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ | 21 to 60 days | ☑ Felony |
| V | ☐ | 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of May 27, 2025
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Elizabeth Young
Assistant United States Attorney
SDFL Court ID No. A5501858

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: THOMAS BERGMAN, a/k/a "Penelope Diamond"

**Case No**: ______________________

Counts #: 1-12

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** Twenty (20) years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gain or loss for the offense

Counts #: 13-15

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** Ten (10) years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the value of the laundered funds

Count #: 16

Use of Unauthorized Access Devices

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** Ten (10) years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross gain or loss amount

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**



PENALTY SHEET

**Defendant's Name**: THOMAS BERGMAN, a/k/a "Penelope Diamond"

**Case No**: ______________________

Counts #: 17-19

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)
* **Max. Term of Imprisonment:** Two (2) years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** Two (2) Years (Consecutive to any Other Sentence)
* **Max. Supervised Release:** One (1) Year
* **Max. Fine:** $250,000 or twice the gross gain or loss amount

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**